IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

KEITH PENTON, #241939                                                           PLAINTIFF

v.                                                CIVIL ACTION NO. 3:23-cv-372-HTW-LGI

JOHN DOE                                                                 DEFENDANT

<u>ORDER CONSTRUING PLANTIFF'S MOTION TO AMEND [13] AS A NOTICE OF
VOLUNTARY DISMISSAL OF THIS § 1983 ACTION AND DIRECTING CLERK OF
COURT TO SEND HABEAS CORPUS FORMS TO PLAINTIFF</u>

BEFORE THE COURT is *pro se* Plaintiff Keith Penton's ("Plaintiff") pleading titled Motion to Amend [13]. Plaintiff is an inmate of Mississippi Department of Corrections ("MDOC"), and he brings this Complaint pursuant to 42 U.S.C. § 1983. Plaintiff seeks leave to proceed *in forma pauperis*. *See* Mot. [3].

On July 11, 2023, the Court entered an Order [4] advising Plaintiff of the consequences of filing this civil action under the Prison Litigation Reform Act ("PLRA") and directed Plaintiff to complete, sign and return to this Court an Acknowledgment of Receipt and Certification, if he wished to continue with this lawsuit or a Notice of Voluntary Dismissal, within thirty days. The Order warned Plaintiff that a failure to comply or a failure to advise this Court of a change of address will be deemed as a purposeful delay and contumacious act by the Plaintiff and may result in the dismissal of this case without further written notice.

When Plaintiff failed to comply with this Order, the Court entered an Order to Show Cause [5] directing Plaintiff to comply on or before September 7, 2023. Plaintiff filed two separate documents labeled "Plaintiff's Statement" on four separate occasions. *See* ECF No. [6] filed September 8, copy filed as ECF No. [7] on September 12; and ECF No. [8] filed September 14, copy filed as ECF No. [9] on September 18. Both documents fail to respond to or comply

with the Court's prior Orders. Therefore, on September 25, 2023, the Court entered a Final Order to Show Cause [10] advising Plaintiff that none of his previous filing complied with the Court's July 11 Order [4] and directing Plaintiff, on or before October 10, to comply with the prior Orders or face dismissal of this case.

In response, Plaintiff filed a pleading labeled "Motion to Amend" [13] wherein Plaintiff states that he "inadvertently filed" this case under 42 U.S.C. § 1983, and "the proper course to take would be under 28 USCA § 2254." Mot. [13] at 1. Plaintiff seeks to replace John Doe with MDOC Commissioner Burl Cain "as Respondent" and that his "petition be considered under 28 USCA § 2254." *Id*.

The Court must liberally construe a *pro se* litigants filings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (reiterating that a document filed *pro se* is "to be liberally construed"); *Prince v. Curry*, 423 F. App'x 447, 451 (5th Cir. 2011) (finding "in accordance with the liberal construction of *pro se* filings" district court should have construed prisoner's motion to supplement his § 1983 complaint as an amended complaint). Likewise, the Fifth Circuit has "frequently instructed district courts to determine the true nature of a pleading by its substance, not its label." *United States v. Ancelmo,* 742 F. App'x 855, 857 (5th Cir. 2018) (directing district court to construe motion for evidentiary hearing as a § 2255 motion) (quotation omitted); *Solsona v. Warden, F.C.I.*, 821 F.2d 1129, 1132 n.1 (5th Cir. 1987) (finding that federal courts may construe and re-characterize a *pro se* prisoner action "according to the essence of the prisoner's claims, regardless of the label that the prisoner places on his complaint"). The Court applies these principles to Plaintiff's Motion [13].

This § 1983 case is in the early stages of screening under the PLRA, service of process

has not issued, and Plaintiff seeks dismissal. Under the Federal Rules of Civil Procedure, a "plaintiff may dismiss an action without a court order" by filing a notice of dismissal before the opposing party answers or moves for summary judgment. Fed. R. Civ. P. 41(a). The Court therefore liberally construes Plaintiff's Motion [13] as a Notice of Voluntary Dismissal under Rule 41(a). This § 1983 civil action will be dismissed without prejudice.

Secondly, a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 follows separate procedures, *see Rules Governing Section 2254 Cases in the United States District Courts*, and in accord with those procedures, the Clerk of Court makes specific forms available for prisoners to use. The Court therefore will not direct that a new § 2254 habeas corpus case be opened based on any of Plaintiff's present filings in this § 1983 case. Instead, the Court will direct the Clerk of Court to send habeas corpus forms to Plaintiff for his consideration and use to pursue a separate Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. For the reasons set forth above, it is hereby,

**ORDERED:**

(1) That Plaintiff's Motion to Amend [13] is construed as a Notice of Voluntary Dismissal under Fed. R. Civ. P. 41(a) and this § 1983 civil action is dismissed without prejudice.

(2) That the Clerk of Court is directed to mail Plaintiff a packet of prisoner forms that includes an instruction sheet and a form "Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody" to Petitioner at his address of record.

**SO ORDERED AND ADJUDGED**, this the 24th day of October, 2023.

/s/HENRY T. WINGATE
UNITED STATES DISTRICT JUDGE